Robert E. CAMP, in his own behalf and in behalf of all persons similarly situated, Plaintiff and Appellant,

v.

Ronald BJERKE, Douglas Chittick, Manley Dotson, Orrin Juel and Paul Koepsell, Individually and as City Commissioners within and for the City of Brookings, Boyce Smith, City Auditor within and for the City of Brookings, and the City of Brookings, a municipal corporation, Defendants and Respondents,

and

Roger A. Armstrong, Intervenor.

No. 12389.

Supreme Court of South Dakota.

Argued Oct. 16, 1978.

Decided Dec. 29, 1978.

Lewayne M. Erickson of Erickson & Kessler, P. C., Brookings, for plaintiff and appellant, Robert E. Camp.

Alan F. Glover of Denholm & Glover, Brookings, for defendants and respondents, Ronald Bjerke, Douglas Chittick, Manley Dotson, Orrin Juel and Paul Koepsell, Boyce Smith, City Auditor, and the City of Brookings.

Ronald C. Aho, Brookings, for intervenor.

WOLLMAN, Chief Justice.

This is an appeal from an order of the circuit court quashing an alternative writ of mandamus that sought to require the city commission to refer to a vote of the people the commission's approval of an application for a 3.2 beer license. We dismiss the appeal as moot.

On August 2, 1977, following a hearing, the Brookings City Commission (commission) approved the application of Roger Armstrong, the intervenor, for a 3.2 beer license in the city. On August 12, 1977, notice of the commission's action was published in the *Brookings Daily Register*; however, by August 8, 1977, the South Dakota Department of Revenue had issued a license to Armstrong. That license expired by its terms June 30, 1978, whether any subsequent license has been issued to Armstrong does not appear in the record before us. On September 1, 1977, a petition seeking to refer the commission's approval of the application to a vote of the people was filed with the city auditor. All parties agree that the petition was in proper form and contained the required number of signatures. On September 6, 1977, the auditor presented the petition to the commission; however, the commission refused to accept the petition or to refer its action to a vote of the electorate. On September 20, 1977, Robert E. Camp (appellant), in his own behalf and on behalf of all persons similarly situated, filed an application for an alternative writ of mandamus. The circuit court issued an alternative writ but later ordered it quashed. This appeal followed.

Respondents have moved this court to dismiss the appeal on the ground that since the Department of Revenue has already issued the license the question of whether the license should issue is moot. Appellant resists the motion on the ground that the Department of Revenue had no authority to issue the license until the action of the commission became final, i. e., twenty days after publication of the commission's action. Appellant also contends that the effect of declaring the issue moot is to allow the commission to avoid the statutory provision for referendums by completing an action before legal publication of its intention to take such action and then presenting a *fait accompli* to defeat any possible referendum. Finally, appellant urges that the issue in question should fall within the public interest exception to the doctrine of mootness, citing *Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1.

The events in this case allow us no choice but to dismiss the appeal. The license in question has expired and neither this court nor the trial court could alter its status in any way. There was an indication at oral argument that a subsequent license was

issued to the intervenor; however, appellant has not attacked the validity of this subsequent license, if it in fact exists.

SDCL 35–2 sets out the procedures for obtaining alcoholic beverage licenses in South Dakota. The chapter makes no reference to renewals of licenses; hence, each license issued to an applicant is considered on the same footing, whether it be an initial or subsequent license. Appellant could have preserved his rights by challenging the subsequent license. This he failed to do. The mootness of the question is the result of appellant's own inaction and thus does not warrant the invocation of the public interest exception. See *Anderson v. Kennedy*, S.D., 264 N.W.2d 714. As we said in the *Anderson* case:

> An appeal will be dismissed as moot if, pending the appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief. *Dodds v. Bickle*, 1957, 77 S.D. 54, 85 N.W.2d 284; *State v. City of Veblen*, 1930, 56 S.D. 394, 228 N.W.2d 802; (other citations omitted). 264 N.W.2d at 716.

Here the expiration of the license has rendered it clearly impossible for this court to grant any effectual relief. Accordingly, the appeal is dismissed.

All the Justices concur.