STANLEY COUNTY SCHOOL DIS-
TRICT NO. 57-1, Appellant,

v.

STANLEY COUNTY EDUCATION
ASSOCIATION, Appellee.

No. 13312.

Supreme Court of South Dakota.

Argued May 28, 1981.

Decided Sept. 16, 1981.

Charles M. Thompson of May, Adam, Gerdes & Thompson, Pierre, for appellant.

James Robbennolt of Duncan, Olinger, Srstka, Lovald & Robbennolt, Pierre, for appellee.

WOLLMAN, Chief Justice.

This is an appeal by Stanley County School District No. 57-1 (appellant) from a final judgment of the circuit court finding appellant's appeal from a Department of Labor order moot. We reverse and remand.

The action was a grievance commenced by the Stanley County Education Association (appellee) against appellant relating to the collective bargaining process during the spring of 1979. We find that the circumstances as hereafter described effectively precluded appellant from seeking judicial review of this unfair labor practice complaint. Accordingly, we reverse the judgment of the circuit court and remand to that court for a hearing of the issues on their merits.

In order to appreciate the procedural dilemma faced by appellant in seeking judicial review of the Department of Labor's order, we offer the following synopsis of events. Representatives of appellant and appellee engaged in collective bargaining negotiations between March 20 and April 26, 1979. Appellant issued employment contracts to employee teachers on May 1, 1979, in accordance with SDCL 13-43-11. On May 23, 1979, appellee filed a petition with the Department of Labor alleging that appellant was guilty of an unfair labor practice during the spring negotiating sessions. A hearing before a Department of Labor hearing officer was conducted on

September 18, 1979. Contract negotiations for the 1980–1981 school year were held pursuant to SDCL 3–18–3 during March and April of 1980. Contracts were offered for the 1980–1981 school year on or before May 1, 1980, again as required by SDCL 13–43–11. It was not until May 2, 1980, that the Department of Labor entered its findings of fact, conclusions of law and order to the effect that appellant had engaged in unfair labor practices in its spring 1979 negotiations with appellee's representatives. Among other things, the order commanded appellant to "cease and desist from its attempts to undermine the status and prestige of the [appellee] as the negotiating representative of the employee association." Appellant appealed the Department's order to the circuit court on May 16, 1980. A hearing was held on October 9, 1980. On October 28, 1980, the circuit court issued its judgment, which reversed the cease and desist portion of the order and dismissed the remainder of the appeal on the ground that it had been rendered "moot as a result of the voluntary actions of the parties in entering into a two year agreement . . . ."

The primary issue is whether appellant is effectively denied its right of appeal if the issues appealed to the circuit court from the Department of Labor are held to be moot.

At the outset it must be recognized that in each step set forth in the preceding case history, from the commencement of contract negotiations in the spring of 1979 through the appeal to this Court, the parties met each procedural deadline. The circuit court held that the issues in the appeal were moot because the parties had entered into an agreement in May 1980 which covered the same items negotiated in the May 1979 agreement. If the issues argued before the circuit court are technically moot, then appellant is penalized for following the mandatory time guidelines throughout this action. Consequently, appellant could never exercise its right to judicial review of a finding that an unfair labor practice existed

if it also meets its statutory obligation to bargain collectively.*

This Court has held that:

  . . . [it] will not dismiss an appeal upon the ground that the questions involved have become moot unless it appears clearly and convincingly that actual controversy has ceased; it must appear that the only judgment which could be entered would be ineffectual for any purpose and would be an idle act so far as concerns rights involved in the action (citations omitted).

*City of Plankinton v. Kieffer*, 69 S.D. 597, 604, 13 N.W.2d 298, 301 (1944); *Dodds v. Bickle*, 77 S.D. 54, 58, 85 N.W.2d 284, 286 (1957). It does not appear that the actual controversy here has ceased because the parties are mandated by SDCL 3–18–3 to engage in collective bargaining "in respect to rates of pay, wages, hours of employment, or other conditions of employment" on a yearly basis. Contracts must be issued prior to May 1 pursuant to SDCL 13–43–11. Appellant is entitled to judicial review of the hearing officer's determination because such review will guide the parties' conduct in subsequent negotiations.

■ The reversal of the trial court's decision would not in itself give effectual relief inasmuch as the 1979 dispute was superseded by subsequent negotiations. However,

  [i]t is a well-established rule that an appellate court may retain an appeal for hearing and determination if it involves questions of public interest even though it has become moot so far as the particular action or the parties are concerned . . . . The decision as to whether to retain a moot case in order to pass on a question of public interest lies in the discretion of the court and generally a court will determine a moot question of public importance if it feels that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions . . . .

*Bjerke*, 273 N.W.2d 161 (S.D.1978).

---

* It is this feature that distinguishes the instant case from the situation discussed in *Camp v.*

5 Am.Jur.2d *Appeal and Error* § 768 (1962). In order to invoke the public interest exception three criteria must be met: "(1) general public importance, (2) probable future recurrence, and (3) probable future mootness." *Anderson v. Kennedy,* 264 N.W.2d 714, 717 (S.D.1978); *United States v. Trans-Missouri Freight Association,* 166 U.S. 290, 17 S.Ct. 540, 41 L.Ed. 1007 (1897); *Southern Pacific Terminal Co. v. Interstate Com. Com.,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911); 5 Am.Jur.2d *Appeal and Error* § 768 (1962); 5 C.J.S. *Appeal & Error* § 1354(1) (1958).

█ This case satisfies the first prong of the test. It is of vital interest to the many school districts and teacher associations in this state to better know and understand the permissible latitude in mandatory bargaining. The second prong of the test is satisfied in that a dispute still exists whether appellant did engage in an unfair labor practice during the 1979 negotiations. The existence of the dispute portends a recurrence of the exact situation complained of here. The third prong, probable future mootness, is met as the same situation is likely to arise because of the yearly negotiation procedure. Accordingly, the judgment of the circuit court dismissing the appeal as moot is vacated and the case is remanded to the circuit court for consideration of those issues not disposed of by the October 28, 1980, judgment.

The second issue presented for determination is whether the circuit court erred when it allowed in evidence a document comprising the collective bargaining agreement between the parties for the 1980–1981 school year. SDCL 1–26–35 provides:

> The review shall be conducted by the court without a jury and shall be confined to the record. A trial de novo shall not be granted unless otherwise authorized by law, but in cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.

█ The negotiated package for the 1980–1981 school year was neither an alleged irregularity before the agency, nor was it part of the administrative record. The trial court should have excluded this document and the testimony referring to it pursuant to appellant's objection. On remand, the circuit court will confine its determination of the existence of an unfair labor practice to the administrative record.

That portion of the judgment dismissing the appeal is reversed, and the case is remanded to the circuit court for further proceedings.

DUNN and HENDERSON and FOSHEIM, JJ., concur.

MORGAN, J., dissents.

MORGAN, Justice (dissenting).

I dissent.

As I read Judge Jones' Judgment of October 28, 1980, after reversing the cease and desist order as overly broad, he found the balance of the Order of the Department of Labor to be moot:

> "and that [sic] rest and remainder of the order in its entirety and any issues arising therefrom are hereby declared to be moot."

I agree with the judgment inasmuch as the order was not entered until May 2, 1980, after the negotiations and offer of the new contracts. Since the order is moot, however, appellant has nothing to complain about. None of the parties addressed the issue from this viewpoint. Instead, they treated it as though the order, other than the cease and desist portion, was left standing and had some deleterious effect on the school district which could not be reached if the appeal was moot. That simply is not the case.

If the Department of Labor wants their decisions to have any effect, they should not take over eleven months to process, hear and decide the case. There was almost a four-month delay between petition and hearing, and then a five and one-half month delay until a decision was made.

I would affirm the judgment.