**STATE of South Dakota ex rel. R. Van JOHNSON, Secretary of Revenue, Plaintiff and Appellee,**

v.

**MATHIS IMPLEMENT, INC., Richard Mathis, Secretary-Treasurer, Defendant and Appellant.**

**No. 13650.**

Supreme Court of South Dakota.

Argued Sept. 8, 1982.

Decided Oct. 20, 1982.

John P. Dewell, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Andrew B. Reid, Piedmont, for defendant and appellant.

DUNN, Justice.

Mathis Implement, Inc. (appellant) appeals from an order of the trial court which would permit examination of appellant's

business records by the South Dakota Department of Revenue (appellee), through the use of a subpoena duces tecum. We dismiss the appeal for mootness.

On May 27, 1981, agents of appellee attempted to conduct an audit of appellant's records relating to the Interstate Fuel Tax Act which imposes a tax pursuant to SDCL 10–49. Appellant is the holder of Interstate Fuel User License # T–10426–4 and South Dakota Retail Sales Tax License # 63S–01296–3. Appellant refused to produce any records for the audit.

On August 13, 1981, appellee issued a subpoena duces tecum to the officers and employees of appellant commanding the production of the following records for examination:

All original sales records relating to all receipts from sales of tangible personal property including motor fuel or use fuel and from sales of services, all purchase records including all invoices, all disbursement journals, all check registers, all depreciation schedules, all bank statements, bills of lading, and all other like documents relating to the operation of Mathis Implement Company, Inc.

The subpoena duces tecum called for the production of these records to the appellee's agents at appellant's office at 1:30 p.m. on August 31, 1981.

On August 31, 1981, agents of appellee arrived at appellant's place of business pursuant to the subpoena duces tecum and requested the records of the company as therein stated. Appellant refused to turn over the requested documents. As before, appellant stated the records were protected from unreasonable searches and seizures and would not be produced without a search warrant. Thereafter, the agents left the premises.

On September 22, 1981, a show cause hearing was held to determine why appellant should not be held in contempt of court for failure to honor the subpoena duces tecum issued by appellee. On December 3, 1981, the trial court issued an order quashing the subpoena duces tecum as overly broad but ruling that appellant's records would be subject to a more specific subpoena duces tecum by the appellee.

The threshold question here is whether the appeal should be dismissed for mootness, since the subpoena duces tecum issued against appellant was quashed. "[A]n appeal will be dismissed as moot where, before the appellate decision, there has been a change of circumstances or the occurrence of an event by which the actual controversy ceases and it becomes impossible for the appellate court to grant effectual relief." *Matter of Silver King Mines, Permit EX–5*, 315 N.W.2d 689, 690 (S.D. 1982) (quoting *Rapid City Journal v. Circuit Court, Etc.*, 283 N.W.2d 563, 565 (S.D.1979)). In this case, no actual controversy exists because appellant's subpoena duces tecum was quashed and no further relief than that proscribed by the trial court can be given. Thus, the appeal is moot.

A public interest exception to this general rule may exist. The public interest exception is appropriate, however, only if the following criteria are met: "(1) general public importance, (2) probable future recurrence, and (3) probable future mootness." *Stanley County School v. Stanley County Ed.*, 310 N.W.2d 162, 164 (S.D.1981) (quoting from *Anderson v. Kennedy*, 264 N.W.2d 714, 717 (S.D.1978)).

The first prong of the exception is met because the use of a subpoena duces tecum is an integral part of an administrative agency's enforcement procedures. Questions concerning the validity of its use are extremely important to the agencies and departments who carry out legislative directives. The second prong is satisfied, since it is likely others may challenge the validity of a subpoena duces tecum issued by state agencies in the future. The third prong, requiring probable future mootness, is not met, however. Here, the trial court left open the option that appellee may issue a more specific subpoena duces tecum which could be enforced. A challenge at that time by appellant, or someone in a similar position, would not be moot and a real controversy would be presented for this

court to decide. Since the public interest exception does not apply, we conclude this appeal is moot and decline to comment further on the issues raised by counsel. The appeal is dismissed.

All the Justices concur.