In the Matter of the INVESTIGATION of the HIGHWAY CONSTRUCTION INDUSTRY, Office of Attorney General, Petitioner and Appellee,

v.

Donald H. BARTHOLOW, Respondent and Appellant.

No. 14818.

Supreme Court of South Dakota.

Argued May 20, 1985.

Decided Aug. 21, 1985.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for petitioner and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Joseph M. Butler and Terry L. Hofer of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for respondent and appellant.

WUEST, Acting Justice.

Donald H. Bartholow (appellant) appeals from a final order directing him to appear before the Office of the Attorney General (OAG) to be examined under oath subject to a grant of immunity under SDCL 37–1–19, South Dakota's former trade regulation immunity statute. We dismiss.

On May 25, 1984, the OAG issued a Civil Investigative Demand to appellant, under SDCL 37–1–11.1, –11.2, and –11.3, to appear and be examined under oath as to knowledge he may have concerning antitrust violations in South Dakota's highway construction industry. Appellant is president of W.E. Bartholow & Sons Construction Company, a highway construction company, which submitted bids on highway construction projects let by the state, and the OAG's demand was made in connection with a continuing investigation concerning the submission of bids to the South Dakota Department of Transportation.

As a condition of compliance, appellant requested an order granting immunity under both SDCL 23A–14–29 [1] and SDCL 37–1–19, contending that inasmuch as the latter does not afford a grant of use *and* derivative use immunity, it is not coextensive with the Fifth Amendment privilege

---

1. SDCL 23A–14–29 states, in pertinent part:
No testimony or other information compelled under an order or a grant of immunity, or any information directly or indirectly derived from such testimony, shall be used against the witness in any civil or criminal proceeding, except a prosecution for perjury, giving a false state-

against self-incrimination [2] and is therefore unconstitutional.

SDCL 37–1–19 provides, in pertinent part, that "no person shall be excused from . . . testifying . . . but if compelled to testify or produce evidence, neither such testimony nor evidence shall be used against him in any action or proceedings, civil or criminal[.]" On its face, SDCL 37–1–19 does not specifically acknowledge derivative use immunity; namely, immunity not only from the use of compelled testimony, but also from the use of any evidence derived therefrom. The circuit court, however, found the statute susceptible to such an interpretation, stating in its conclusions of law: "That the Legislature under SDCL 37–1–19 has authorized the granting of use and derivative use immunity to an individual in order to compel his testimony, production of documents or other evidence over an assertion of the Fifth Amendment privilege against self-incrimination." Consequently, the court concluded that the statute is constitutional and ordered enforcement of the OAG's demand, subject to a grant of immunity solely under SDCL 37–1–19. On October 25, 1984, an order was issued, stating:

> That [appellant] appear before a designate of the Attorney General . . . at a time and date to be determined by the Office of the Attorney General and counsel for [appellant], but no later than sixty days from the date of this Order, to [be] examined under oath concerning restrictive or anticompetitive practices and actions involving the submission of bids to the State of South Dakota[.]

Recently, in *State v. Big Head*, 363 N.W.2d 556 (S.D.1985), this court stated that we will review a statute's constitutionality only when it is necessary for a determination upon the merits of a cause under consideration, and only after ascertaining whether a construction of the statute, which avoids the constitutional issue, is fairly possible. While SDCL 37–1–19 may be fairly susceptible to an interpretation which allows for derivative use immunity, the statute was repealed on July 1, 1985, and under the circumstances, we are called upon to determine the consequences of its repeal on the instant action.

As stated *supra*, in the excerpt from the trial court's final order, appellant was required to appear and testify before a designate of the Attorney General at a time and date set by the OAG and appellant's counsel, but no later than sixty days from the date of the order which was October 25, 1984. This appeal followed shortly after the issuance of the order requiring appellant's appearance, and while the appeal did not stay the actions of the circuit court, the record admits of nothing which would indicate that a time and date was set for appellant's appearance nor was any contempt proceeding initiated by the OAG for failure to appear following the passage of the sixty-day period. If this appeal had followed on the heels of a contempt proceeding brought prior to the repeal of SDCL 37–1–19, that statute would be dispositive. As it stands, appellant has not yet been called to testify, and when he is required to appear, he will testify subject to a grant of immunity under SDCL 23A–14–29, and not the now defunct SDCL 37–1–19.

Possibly, this case could be dismissed for lack of ripeness for review; however, we believe that under the circumstances the repeal of SDCL 37–1–19 renders the case moot and we dismiss on that basis.

The general principles of mootness are set forth in 5 Am.Jur.2d *Appeal and Error* §§ 760 through 771 (1962). At 5 Am.Jur.2d § 762, p. 204, it is stated:

> [A]lthough the term 'moot' has more than one meaning, in a more technical sense it indicates that after the rendition of the decision appealed from an event has occurred which renders moot what, except for that event, might be a justiciable issue. Thus, a case is usually said to

---

ment, or otherwise failing to comply with the order.

**2.** U.S. Const. Amend. V reads, in part: "No person shall . . . be compelled in any criminal case to be a witness against himself[.]"

become 'moot' for the purpose of an appeal where by a change of circumstances prior to the appellate decision the case has lost any practical purpose for the parties[.]

In *Maxwell v. State*, 261 N.W.2d 429, 432 (S.D.1978), we cited *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975), for the proposition that "an action is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. A case is moot when judgment, if rendered, will have no practical legal effect upon the existing controversy." *See also Moeller v. Solem*, 363 N.W.2d 412 (S.D.1985). To reiterate, the repeal of SDCL 37–1–19 in the interim between this appeal and the appearance of appellant before the OAG is an event which renders a decision on the constitutionality of SDCL 37–1–19 wholly academic under the circumstances of this case.

Accordingly, the case is moot and we dismiss.

WOLLMAN, MORGAN and HENDERSON, JJ., and MILLER, Circuit Judge, concur.

MILLER, Circuit Judge, sitting for FOSHEIM, C.J., disqualified.