Duane F. BOESCH, Cyndy J. Boesch, Mark Kelsey, and George W. Prest, Plaintiffs and Appellants in No. 18908,

v.

CITY OF BROOKINGS and Phyllis Frost, aka Phyllis Frost–Stotz, Defendants and Appellants in No. 19009.

Nos. 18908, 19009.

Supreme Court of South Dakota.

Considered on Briefs May 23, 1995.

Decided July 26, 1995.

Rollyn H. Samp, Bret C. Merkle of Samp Law Offices, Sioux Falls, Kelly R. Smidt, Brookings, for plaintiffs and appellants.

Alan F. Glover of Denholm and Glover Brookings, for defendant and appellant City of Brookings.

Ronald C. Aho, Brookings, for defendant and appellant Phyllis Frost.

KONENKAMP, Justice.

The City of Brookings issued a building permit for an apartment complex just days before it enacted a zoning ordinance prohibiting such apartments. Nearby residents sought declaratory relief. The trial court dismissed their petition due to lack of standing. We dismiss the appeal as moot and uphold the denial of sanctions.

## FACTS

Phyllis Frost owned six contiguous lots in a Brookings neighborhood zoned R–3 for apartments. In July 1993 she initiated plans to construct an apartment complex on the lots, spending over $14,000 in preparation. The City of Brookings (City) issued her a permit to move or demolish houses existing on the land on February 16, 1994. On March 4, 1994 Doug Ulvestad, an engineering technician employed under the city engineer, issued Frost a permit to construct a seventeen-unit apartment complex. Four days later, the city commission changed the neighborhood's zoning to R–2. At a hearing held March 22, the city commission heard Frost's reasons for not revoking her permit. Satisfied, the commission thereafter voted to permit Frost's construction to proceed.

Duane Boesch, Cyndy Boesch, Mark Kelsey, and George Prest (neighbors) filed a Petition for Declaratory Judgment on April 22, 1994 seeking a ruling on the legality of Frost's permit, the authority of Ulvestad to issue the permit, and Frost's legal right to construct the complex in an area now zoned as R–2. They contended the apartments would cause "substantial and irreparable damage in loss of real property values" as well as increased traffic congestion and overcrowding. The neighbors never attempted, however, to enjoin construction of the apartment complex during the pending litigation.

The City presented to the circuit court an affidavit from city engineer Gregg Jongeling stating he had delegated to Ulvestad and other assistant engineers the authority to issue building permits, which procedure the City had approved. Finding this delegation of authority proper, the trial court ruled Frost's permit valid. As completion of the building neared, the trial court granted Frost's and the City's motion for summary judgment, dismissing the neighbors' Petition on July 14, 1994. The court also denied Frost's and the City's request for attorneys' fees. In September, Frost's apartments were completed. The neighbors appealed the trial court's rulings on standing. Frost and the City appealed the denial of sanctions and fees.

## ANALYSIS

The neighbors' goal was to keep the apartments out of their neighborhood through a declaratory judgment, not through an injunction. In the meantime, the complex was completed. Their petition's objective has now become impossible.

An appeal will be dismissed as moot if, pending the appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief.

*Camp v. Bjerke,* 273 N.W.2d 161, 163 (S.D. 1978); *Anderson v. Kennedy,* 264 N.W.2d 714, 716 (S.D.1978). A declaratory judgment now would be an ineffectual and idle act. *Aetna Life Ins. Co. v. Satterlee,* 475 N.W.2d 569, 572 (S.D.1991). We will decline to express an opinion in a case which can have no practical effect on the litigants. *Amalgamated Ass'n v. Wisconsin Emp. Relations Bd.,* 340 U.S. 416, 71 S.Ct. 373, 95 L.Ed. 389 (1951).

The neighbors seek to invoke the public interest exception to the mootness doctrine. We possess discretion to consider

moot questions if they are of general public importance, have probable future occurrence, and risk probable future mootness. *Anderson,* 264 N.W.2d at 717; *Cummings v. Mickelson,* 495 N.W.2d 493, 496 (S.D.1993). A question may be of public importance if it is "more than the interest of a particular locality" and a matter which "affects the legal rights or liabilities of the public at large." *Walker v. Schneider,* 477 N.W.2d 167 (N.D.1991). Such is not the case here. The neighbor's petition raises no public rights issue over zoning or building permits, but rather it specifically seeks to keep Frost's apartment complex out of their neighborhood.

 In *Flynt v. Weinberger,* 762 F.2d 134 (D.C.Cir.1985), the complainant sought a declaratory judgment solely on the constitutionality of a U.S. military press ban during the hostilities in Grenada. Citing *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982), the court held, "[T]he issues raised by the complaint are no longer live." *Flynt,* 762 F.2d at 135. The same is true for the neighbors' petition. A theoretical possibility of repetition will not constitute an exception to the mootness doctrine: "[T]here must be a 'reasonable expectation'" or a "'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy,* 455 U.S. at 482, 102 S.Ct. at 1184 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975)). Moreover, the neighbors' failure to seek an injunction contributed to the mootness, thus further making inexpedient the public interest exception. *Camp,* 273 N.W.2d at 163.

Whether an engineering technician can issue permits for the city engineer could rise to the level of public importance; however, the neighbors fail to cite authority contrary to City's position that such can be done. Further, an answer by this Court would be tantamount to rendering an advisory opinion, a right only available in very limited situations. S.D. Const. art. V, § 5. Nor should we render an opinion merely for the purpose of establishing a precedent. *Matter of Schmidt,* 443 N.W.2d 824 (Minn.1989); *Dee–*

*El Garage, Inc. v. Korzen,* 53 Ill.2d 1, 289 N.E.2d 431 (1972).

## SEPARATE APPEAL ON DENIAL OF SANCTIONS

Following the grant of summary judgment, the City and Frost moved for sanctions and attorneys' fees against the neighbors. The trial court refused. As the neighbors' legal concerns were not meritless, we find no abuse of discretion and affirm this denial. *Anderson v. Production Credit Ass'n,* 482 N.W.2d 642 (S.D.1992). For the same reasons we decline to award sanctions in this appeal. *Lee v. Rapid City Area School Dist.,* 526 N.W.2d 738 (S.D.1995).

The neighbors' appeal is dismissed and the City's and Frost's appeal is affirmed.

MILLER, C.J., and SABERS, AMUNDSON, and GILBERTSON, JJ., concur.