Notice: This opinion is subject to formal revision before publication in the
Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify
the Clerk of any formal errors in order that corrections may be made
before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Argued September 15, 2003　　　Decided October 14, 2003

No. 03-5119

ZALMEN ASHKENAZI,
APPELLEE

v.

ATTORNEY GENERAL OF THE UNITED STATES AND
DIRECTOR OF FEDERAL BUREAU OF PRISONS,
APPELLANTS

————

Appeal from the United States District Court
for the District of Columbia
(03cv00062)

————

*Peter D. Blumberg*, Assistant U.S. Attorney, argued the
cause for appellants. With him on the briefs were *Roscoe C.
Howard, Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assis-
tant U.S. Attorney. *David J. Ball, Jr.*, Assistant U.S. Attor-
ney, entered an appearance.

———

Bills of costs must be filed within 14 days after entry of judgment.
The court looks with disfavor upon motions to file bills of costs out
of time.

*Nathan Lewin* argued the cause for appellee. With him on the brief was *Alyza D. Lewin*.

Before: EDWARDS, RANDOLPH, and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: The Attorney General and the Director of the Federal Bureau of Prisons appeal from the district court's order granting a preliminary injunction against them. Because the case has become moot, we will vacate the injunction and remand to the district court for the entry of an order dismissing the complaint.

The injunction prohibited the Bureau of Prisons from transferring Zalmen Ashkenazi out of a halfway house in Brooklyn, New York. Ashkenazi pleaded guilty to conspiracy to commit bank fraud in the Southern District of New York. In imposing a sentence of a year and a day, the district court recommended that Ashkenazi serve seven months of the sentence in a halfway house. Rather than designating Ashkenazi to a prison for the first five months of his sentence, the Bureau – erroneously, according to the government – assigned him to a halfway house at the beginning of his term.

Ashkenazi reported to the Brooklyn Community Corrections Center on December 16, 2002. On the same day, the Deputy Attorney General announced that "imprisonment" did not include serving time at halfway houses and that the Bureau therefore could no longer designate defendants sentenced to terms of imprisonment directly to such institutions. Under 18 U.S.C. § 3624(c), prisoners would become eligible for placement in a halfway house only for the last ten percent of their sentences, not to exceed six months. Those prisoners currently in halfway houses who had more than 150 days left in their sentences would be re-designated to a prison.

After learning that he had been re-designated, Ashkenazi filed this action for an injunction, claiming that the new policy violated the Ex Post Facto Clause of the Constitution. U.S. CONST. art. I, § 9, cl. 3. The district court issued its preliminary injunction on February 24, 2003. The government's appeal is on the ground that the remedy for an ex post facto

law is to restore the status quo and that the injunction here is excessive in scope because it restricts the Bureau from exercising discretion to transfer Ashkenazi out of the Brooklyn facility, discretion the Bureau had before the new policy took effect.

Information provided by government counsel during oral argument convinces us that the case is moot. After deducting good time credits from his sentence, Ashkenazi's release date is October 28, 2003. 18 U.S.C. § 3624(b). At this writing he is therefore within the last ten percent of his term and is eligible, under 18 U.S.C. § 3624(c), for "pre-release custody" in a halfway house. With admirable candor, government counsel represented that unless Ashkenazi engages in misconduct, he will remain at the Brooklyn facility to complete his sentence. It follows that the new policy, announced in December 2002, can have no future effect on Ashkenazi and that the case is therefore moot.

The district court's order granting the preliminary injunction is therefore vacated and the case is remanded with instructions to dismiss the complaint as moot. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 22-23 (1994); *Flynt v. Weinberger*, 762 F.2d 134, 135-36 (D.C. Cir. 1985).

*So ordered.*