#28438, #28445-r-DG

**2019 S.D. 6**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

CASSANDRA SKJONSBERG,                     Claimant and Appellee,

    v.

MENARD, INC. and
PRAETORIAN INSURANCE
COMPANY,                                  Employer, Insurer and
                                          Appellants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE JOHN PEKAS
Judge

\* \* \* \*

JEFFREY A. COLE
WILLIAM SIMS of
Northern Plains Justice, LLP
Sioux Falls, South Dakota                 Attorneys for claimant and
                                          appellee.


J.G. SHULTZ of
Woods, Fuller, Shultz & Smith, P.C.
Sioux Falls, South Dakota                 Attorneys for employer, insurer
                                          and appellants.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 27, 2018
OPINION FILED **01/16/19**

GILBERTSON, Chief Justice

[¶1.]  Cassandra Skjonsberg suffered a workplace injury to her right foot that required surgery while employed by Menard, Inc. (Employer). The South Dakota Department of Labor and Regulation awarded partial summary judgment in favor of Skjonsberg for her incurred medical expenses. After a two-year delay, Skjonsberg filed a second motion for partial summary judgment to recover the existing medical expenses. Employer and its insurer, Praetorian Insurance Co. (Insurer), paid the outstanding medical expenses and claimed a decision on the second motion was unnecessary because the issue was now moot. The Department nonetheless granted partial summary judgment in favor of Skjonsberg and denied Employer and Insurer's subsequent motion for reconsideration. On appeal, the circuit court affirmed the Department's decision. The parties each appeal various aspects of the court's decision. We reverse and remand.

## Facts and Procedural History

[¶2.]  On November 25, 2011, Skjonsberg fractured her right foot while at work for Employer. Skjonsberg was prescribed a device for her foot called a "Roll-A-Bout" to assist her in moving around. Employer and Insurer refused to pay for the device and Skjonsberg instead used crutches and a "CAM boot." Skjonsberg underwent surgery at Core Orthopedics in Sioux Falls on December 23, 2011. During recovery, on January 16, 2012, Skjonsberg sustained a right fibular ankle fracture after allegedly walking with the crutches and CAM boot. The injury required surgical intervention to repair.

[¶3.]    Skjonsberg incurred medical expenses related to the two injuries. However, after a dispute arose regarding coverage, Employer and Insurer stopped paying temporary total disability benefits and medical bills. As a result, Skjonsberg filed a petition for hearing with the Department on November 7, 2012.

[¶4.]    On April 2, 2013, Skjonsberg requested discovery consisting of 102 interrogatories and 35 requests for admissions. After multiple attempts to get Employer and Insurer to answer the discovery requests, Skjonsberg moved for partial summary judgment, seeking recognition from the Department that both her injuries were work related and that Employer and Insurer were responsible for her medical expenses. Employer and Insurer resisted Skjonsberg's motion and contended that her discovery requests were burdensome and excessive.

[¶5.]    On May 21, 2014, the Department entered its decision and order on Skjonsberg's motion for partial summary judgment in favor of Skjonsberg. The Department rejected Employer and Insurer's contentions, and required Employer and Insurer to cover the medical expenses for both of Skjonsberg's injuries. Skjonsberg's medical expenses went unpaid for two years.[1]

[¶6.]    On September 9, 2016, Skjonsberg filed a second motion for partial summary judgment with the Department seeking payment of her unpaid medical expenses. Employer and Insurer responded to Skjonsberg's motion on October 12,

---

1.    The parties claim different reasons for the delay in paying Skjonsberg's medical bills. Employer and Insurer claim that Skjonsberg failed to properly respond to discovery requests seeking the proper party to pay; rather, Skjonsberg responded to the discovery requests by supplying only medical bills. Skjonsberg claims Employer and Insurer deliberately delayed the payments to extend litigation.

2016, by sending a letter to the Department that claimed Skjonsberg's outstanding medical expenses were being resolved. On October 31, 2016, Employer and Insurer submitted an affidavit in response to Skjonsberg's second motion for partial summary judgment stating Skjonsberg's outstanding medical bills totaling $8,236.76 had been resolved by agreement with the health care providers. Employer and Insurer also filed a two-sentence resistance to Skjonsberg's motion for partial summary judgment claiming the issue was moot. Skjonsberg presented no statement disputing these facts submitted by Employer and Insurer.

[¶7.] The Department granted Skjonsberg's motion on November 29, 2016. The order repeated the Department's conclusions from its first order by stating that Employer and Insurer were responsible for the medical expenses for both of Skjonsberg's injuries. The same day, Employer and Insurer moved to reconsider on the grounds that the issue of payment for Skjonsberg's medical expenses was moot. The Department denied Employer and Insurer's motion on April 3, 2017.

[¶8.] Employer and Insurer then appealed to the circuit court on May 1, 2017. However, Employer and Insurer failed to file a statement of issues within ten days pursuant to SDCL 1-26-31.4.[2] The parties filed their respective briefs and Skjonsberg pointed out Employer and Insurer's failure to abide by SDCL 1-26-31.4. Employer and Insurer then requested leave to file a statement of issues, which the

_____

2. SDCL 1-26-31.4 provides in relevant part:

> Within ten days after the filing of the notice of appeal as required by § 1-26-31, the appellant shall file with the clerk of the circuit court a statement of the issues the appellant intends to present on the appeal and shall serve on the other parties a copy of such statement.

circuit court granted. On September 25, 2017, the circuit court affirmed the Department's order.

[¶9.] Employer and Insurer appeal, raising one issue: whether the Department erred in granting Skjonsberg's second motion for partial summary judgment when they claimed the issue was moot. Also, by notice of review, Skjonsberg appeals the circuit court's decision granting Employer and Insurer leave to file a statement of issues.[3] Skjonsberg argues that if this Court is inclined to reverse the circuit court's ultimate decision, we should apply a "plain error" standard of review for failure to abide by SDCL 1-26-31 and affirm the Department's order.

**Standard of Review**

[¶10.] On appeal from a circuit court's decision under SDCL 1-26-37, we undertake "the same review of the administrative tribunal's action as did the circuit court." *Dakota Trailer Mfg., Inc. v. United Fire & Cas. Co.*, 2015 S.D. 55, ¶ 11, 866 N.W.2d 545, 548 (quoting *Peterson v. Evangelical Lutheran Good Samaritan Soc.*, 2012 S.D. 52, ¶ 13, 816 N.W.2d 843, 847). We perform this review "unaided by any presumption that the [circuit] court is correct." *Terveen v. S.D. Dep't of Transp.*, 2015 S.D. 10, ¶ 6, 861 N.W.2d 775, 778 (quoting *Brown v. Douglas Sch. Dist.*, 2002 S.D. 92, ¶ 17, 650 N.W.2d 264, 269). Therefore, as we recently stated, our

---

3.   SDCL 15-26A-22 provides:

> An appellee may obtain review of a judgment or order entered in the same action which may adversely affect him by filing a notice of review and section B of the docketing statement required by subdivision 15-26A-4(2) with the clerk of the of the Supreme Court within twenty days after the service of the notice of appeal.

review of an agency's decision is as follows: "Questions of law are reviewed de novo. Matters of reviewable discretion are reviewed for abuse. The agency's factual findings are reviewed under the clearly erroneous standard. The agency's decision may be affirmed or remanded but cannot be reversed or modified absent a showing of prejudice." *Lagler v. Menard, Inc.*, 2018 S.D. 53, ¶ 22, 915 N.W.2d 707, 715 (citations omitted).

## Analysis and Decision

[¶11.]    Employer and Insurer claim that the Department erred in granting Skjonsberg's second motion for partial summary judgment seeking payment of medical expenses because the issue was moot. Employer and Insurer claimed they had already paid Skjonsberg's medical bills prior to the Department's decision.

[¶12.]    "This Court renders opinions pertaining to actual controversies affecting people's rights." *Larson v. Krebs*, 2017 S.D. 39, ¶ 13, 898 N.W.2d 10, 15 (quoting *In re Woodruff*, 1997 S.D. 95, ¶ 10, 567 N.W.2d 226, 228). When a claim becomes moot not during the pendency of an appeal but prior to the final order from which a party appeals, we must vacate the ruling of the lower court as moot and remand with instructions to dismiss. *See, e.g., Phelps-Roper v. Koster*, 815 F.3d 393, 397-98 (8th Cir. 2016) (vacating a judgment on appeal for mootness when the challenged statute was repealed while the action was pending in district court and remanding with instructions to dismiss).[4]

---

4.    *See, e.g., United States v. Corrick*, 298 U.S. 435, 440, 56 S. Ct. 829, 832, 80 L. Ed. 1263 (1936) ("While the District Court lacked jurisdiction, we have jurisdiction on appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit."); *In re*

(continued . . .)

[¶13.] Here, no controversy exists or existed before the Department that the Employer and Insurer are responsible for Skjonsberg's medical expenses from her two injuries. The Department's 2014 order—which was not appealed—had already determined that Skjonsberg's injuries were work-related and that Employer and Insurer were liable to compensate her for her medical expenses. Further, before the Department entered the 2016 summary judgment order, Employer and Insurer presented undisputed facts in resistance to Skjonsberg's motion for summary judgment that the medical expenses at issue had been fully resolved with the medical providers. This fact is supported in the record by the October 31, 2016, affidavit of counsel for the Employer and Insurer, J.G. Shultz. Shultz stated that "since October 12, 2016 . . . I have resolved the billings outlined . . . by agreement with the health care providers." Attached to the affidavit was a complete list of dates, descriptions, and amounts of Skjonsberg's medical expenses. The total of these expenses is listed as $8,236.76.

---

(. . . continued)

> *Scruggs*, 392 F.3d 124, 129 (5th Cir. 2004) ("[W]hen a matter on appeal is determined to have become moot, not merely prior to or during the appeal but prior to the date of the order being appealed from, we must dismiss as moot the appeal before us and vacate as moot the ruling from which the appeal was sought."); *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir. 1998) (holding that if a case becomes moot before the trial court's decision, the appellate court has jurisdiction to correct the trial court's error in entertaining the suit); *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 730 (10th Cir. 1997) (finding the mootness destroyed the jurisdiction of both the district court and the appellate court and remanding with directions that the claim be dismissed); *Nome Eskimo Cmty v. Babbitt*, 67 F.3d 813, 816 (9th Cir. 1995) ("We must vacate the substantive determination [of the district court], without intimating any view on whether it was correct, because mootness precluded the exercise of judicial power."); *Flynt v. Weinberger*, 762 F.2d 134, 135-36 (D.C. Cir. 1985) (explaining that a dismissal for mootness will "clear the path for future relitigation of the issues raised.")

[¶14.]     Because Employer and Insurer paid Skjonsberg's medical expenses, the Department lacked jurisdiction to grant summary judgment—the issue of payment was moot before the Department and remains moot before this Court. A decision on the issue of whether the Department erred in granting Skjonsberg's second motion for partial summary judgment "will have no practical legal effect upon the existing controversy." *Sullivan v. Sullivan*, 2009 S.D. 27, ¶ 11, 764 N.W.2d 895, 899 (quoting *Investigation of the Highway Constr. Indus. v. Bartholow*, 373 N.W.2d 419, 421 (S.D. 1985)). "No matter how vehemently the parties continue to dispute the [issue] that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 727, 184 L. Ed. 2d 553 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 93, 130 S. Ct. 576, 576, 175 L. Ed. 2d 447 (2009)).

[¶15.]     Nonetheless, exceptions to the mootness doctrine exist that could allow a full determination of Employer and Insurer's appeal. One such exception is the "'capable of repetition, yet evading review' exception, which applies when: '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Larson*, 2017 S.D. 39, ¶ 14, 898 N.W.2d at 16 (quoting *Rapid City Journal v. Delaney*, 2011 S.D. 55, ¶ 8, 804 N.W.2d 388, 391). Even if we were to assume Employer and Insurer could meet the first prong, there is no indication in the record that the issue would recur. The repetition must be more than just a theoretical possibility: rather, there must be a

"'demonstrated probability' that the same controversy will recur involving the same complaining party." *Boesch v. City of Brookings*, 534 N.W.2d 848, 850 (quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1184, 71 L. Ed. 2d 353 (1982)). As Employer and Insurer cite the unlikely recurrence of the present issues and facts of this case, the exception is not applicable.[5] *See Sullivan*, 2009 S.D. 27, ¶ 13, 764 N.W.2d at 900 (stating that "repetition of the exact issue is unlikely" when a controversy is premised purely on factual circumstances).

[¶16.] Therefore, the claim for medical expenses set forth in Skjonsberg's motion for partial summary judgment became moot, prior to the Department's final order granting summary judgment, and was moot when the circuit court reviewed it on appeal. We accordingly reverse the circuit court's judgment affirming the Department's decision, and remand to the circuit court with instructions that the court order the Department to vacate its order and dismiss Skjonsberg's claim for medical expenses set forth in her motion for partial summary judgment dated September 9, 2016. *See Corrick*, 298 U.S. at 440, 56 S. Ct. at 832 (noting that an appellate court has jurisdiction for the limited "purpose of correcting the error of the lower court in entertaining the suit."). In light of our holding, we need not consider Skjonsberg's argument posed in her notice of review.

[¶17.] KERN, JENSEN, and SALTER, Justices, concur.

---

5. Another exception to the mootness doctrine is the public interest exception, which requires: "general public importance, probable future recurrence, and probable future mootness." *Larson*, 2017 S.D. 39, ¶ 16, 898 N.W.2d at 17 (quoting *Sedlacek*, 437 N.W.2d at 868). Because Employer and Insurer's issue does not "affect[] the legal rights or liabilities of the public at large[,]" *id.* (quoting *Boesch*, 534 N.W.2d at 850), it does not meet the confines of this exception.