#28867, #28888-a-SRJ
**2019 S.D. 60**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STEPHANIE NETTER,                                    Plaintiff and Appellee,

    v.

DONALD NETTER,                                    Defendant and Appellant.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE MATTHEW M. BROWN
Judge

\* \* \* \*

VINCE M. ROCHE
JUSTIN T. CLARKE of
Davenport, Evans, Hurwitz
   & Smith, LLP
Sioux Falls, South Dakota

Attorneys for appellant South
Dakota Trust Company LLC
as Independent Trustee
of the Ann Holdings Trust and
the Six Cataracts Trust.

MICHAEL F. TOBIN of
Boyce Law Firm, LLP
Sioux Falls, South Dakota

Attorneys for appellant South
Dakota Trust Company LLC
as Independent Trustee of
the Scout Resources Trust and
DASSA Trust.

LINDA LEA M. VIKEN of
Viken Law Firm
Rapid City, South Dakota

Attorneys for appellee.

\* \* \* \*

ARGUED AUGUST 27, 2019
OPINION FILED **11/06/19**

#28867, #28888

JENSEN, Justice

[¶1.]     Amidst a divorce proceeding in Connecticut between Stephanie Netter and Donald Netter, Stephanie served an out-of-state subpoena duces tecum on South Dakota Trust Company LLC (SDTC), seeking information from four South Dakota trusts administered by SDTC. After Stephanie and SDTC were unable to reach an agreement concerning the terms of a protective order for the information sought, Stephanie filed a motion for a protective order and scheduled a hearing with the circuit court in South Dakota. SDTC submitted written argument requesting additional protections beyond those Stephanie requested. Just before the hearing, Stephanie sought to withdraw the subpoena and the motion for protective order. Based upon Stephanie's withdrawal of the subpoena, the circuit court dismissed the proceeding. We affirm.

**Facts and Procedural History**

[¶2.]     Both Donald and Stephanie are residents of the State of Connecticut. Donald has interests in four discrete trusts located in South Dakota: The Six Cataracts Trust, formerly known as The Donald Netter Trust; The Ann Holdings Trust; The DASSA Trust; and The Scout Resources Trust (Trusts). SDTC is a trustee of the Trusts. The Trusts own interests in several South Dakota limited liability companies (LLCs). Donald is the manager of the LLCs.

[¶3.]     In the Connecticut divorce action, Donald, Stephanie, and their respective counsel entered into a contractually binding Confidentiality Agreement governing discovery. Subsequently, Stephanie sought to obtain information directly from the Trusts concerning Donald's South Dakota business interests. In November

2017, Stephanie properly served SDTC with a foreign subpoena pursuant to SDCL 15-6-28.3 for an interstate deposition and production of documents concerning Donald's South Dakota business interests.[1]

[¶4.]     Thereafter, SDTC and Stephanie attempted to negotiate a protective order for the information subpoenaed from the Trusts.  Following several months of unsuccessful negotiations, Stephanie filed a motion for a protective order, proposing terms she believed were adequate to protect the information.  SDTC responded to the motion by submitting its own proposal for a protective order.  The fundamental dispute involved Stephanie's disagreement with SDTC's request that the parties, their counsel, and any persons receiving the information be required to sign a confidentiality agreement.  The parties scheduled a hearing with the circuit court in South Dakota to address this dispute.

---

1.     SDCL 15-6-28.3 provides in part:

> (A) To request issuance of a subpoena under §§ 15-6-28.1 to 15-6-28.6, inclusive, a party must submit a foreign subpoena to a clerk of court in the county in which discovery is sought to be conducted in this state.  A request for the issuance of a subpoena under §§ 15-6-28.1 to 15-6-28.6, inclusive, does not constitute an appearance in the courts of this state.  It does create the necessary jurisdiction in the State of South Dakota to:
>
> (i) Enforce the subpoena;
>
> (ii) Quash or modify the subpoena;
>
> (iii) Issue any protective order or resolve any other dispute relating to the subpoena;
>
> (iv) Impose sanctions on the attorney requesting the issuance of the subpoena for any action which would constitute a violation of the South Dakota Rules of Civil Procedure.

[¶5.]        Shortly before the hearing, Stephanie informed the circuit court in writing that she intended to withdraw her subpoena and motion.  She indicated that the South Dakota subpoena was no longer necessary because Donald had agreed to provide the requested information through discovery in the Connecticut divorce.  Stephanie also provided a copy of an order from the Connecticut divorce court, incorporating the Confidentiality Agreement previously signed in Connecticut.  She argued there was no additional need to protect any of the Trusts' documents because adequate protections were already in place to protect these documents in the Connecticut divorce proceeding.

[¶6.]        Stephanie formally withdrew the subpoena and her motion for protective order at the start of the hearing before the circuit court, indicating there was no further need to proceed with either the out-of-state subpoena or the request for a protective order.  SDTC objected and requested the court impose a protective order requiring any party receiving documents from the Trust to execute a confidentiality agreement.

[¶7.]        The court entered an order allowing Stephanie to withdraw her motion for protective order and dismissed the action.  In its findings of fact and conclusions of law, the court determined that (1) it lacked jurisdiction over the parties to impose a protective order; (2) SDTC's request for a protective order was moot or otherwise not ripe for consideration; and (3) the court lacked authority to impose a confidentiality agreement as a part of a protective order under SDCL 15-6-26(c).

[¶8.]        SDTC appeals, arguing that the circuit court erred in dismissing the action for lack of jurisdiction and on mootness grounds.  SDTC also argues the court

erred in determining that it did not have authority under SDCL 15-6-26(c) to require the parties to sign a confidentiality agreement. Because we determine the action is moot, it is unnecessary to address the other issues raised by SDTC.

## Analysis & Decision

[¶9.] "This Court renders opinions pertaining to actual controversies affecting people's rights." *Skjonsberg v. Menard, Inc.*, 2019 S.D. 6, ¶ 12, 922 N.W.2d 784, 787. The Court will generally not rule on an issue if a decision "will have no practical legal effect upon an existing controversy." *Id.* ¶ 14, 922 N.W.2d at 788. In other words, the Court will not decide a moot case.[2] "A moot case is one in which there is no real controversy or which seeks to determine an abstract question which does not rest on existing facts or rights, with the result that any judicial determination would have no practical or remedial effect." 1A C.J.S. Actions § 75 (2019). *See also, Sullivan v. Sullivan*, 2009 S.D. 27, ¶ 11, 764 N.W.2d 895, 899 (a case is moot when "there has been a change of circumstances or the occurrence of an event by which the actual controversy ceases and it becomes impossible for the [court] to grant effectual relief.")

[¶10.] We have said that "[w]hen a claim becomes moot not during the pendency of an appeal but prior to the final order from which a party appeals" the appropriate resolution is to vacate any ruling by the lower court and "remand with instructions to dismiss." *Skjonsberg*, 2019 S.D. 6, ¶ 12, 922 N.W.2d at 788. Here,

---

2. We have recognized exceptions to the mootness doctrine, such as those pertaining to public policy concerns and issues "capable of repetition, yet evading review." *Larson v. Krebs*, 2017 S.D. 39, ¶¶ 14-16, 898 N.W.2d 10, 16-17. The parties have not raised the applicability of any exceptions to the mootness doctrine in this case.

the circuit court dismissed the matter as moot before issuing a ruling on the motion for a protective order. Thus, we must determine whether the circuit court properly dismissed the proceedings as moot. The circuit court's legal conclusions, such as a determination of mootness, are reviewed de novo. *In re Woodruff*, 1997 S.D. 95, ¶ 9, 567 N.W.2d 226, 228.

[¶11.] The dispute relating to the out-of-state subpoena was the sole controversy before the circuit court. After Stephanie unconditionally withdrew her subpoena before any information was produced, there was no longer a dispute before the circuit court.[3] This withdrawal ended any controversy concerning the foreign subpoena of information held by the Trusts and obviated the need for a protective order. "No matter how vehemently the parties continue to dispute the [issue] that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Skjonsberg*, 2019 S.D. 6, ¶ 14, 922 N.W.2d at 788.

[¶12.] SDTC argues that despite Stephanie's withdrawal of the subpoena, there was still a controversy before the court. SDTC points to the version of the protective order it proposed to the court and argues that Stephanie's withdrawal did not take SDTC's request for a protective order off the table. SDTC claims a protective order is still needed to provide appropriate protection to confidential

---

3.      At oral argument, counsel represented that more than 15,000 pages of documents from the Trusts have been provided in the Connecticut divorce since the circuit court dismissed this proceeding. These subsequent developments have no bearing on the dismissal as there are no outstanding requests for information, or proceedings in South Dakota, that give rise to any justiciable controversy before our courts.

documents that may be requested from SDTC.[4]  Under SDCL 15-6-28.3, the circuit

court was limited to addressing the enforcement of the subpoena and issues and

disputes "relating to the subpoena."  Once the subpoena was withdrawn, there were

no remaining issues left for resolution under the statute.  As much as SDTC would

still like to have the South Dakota courts impose a protective order, SDTC seeks

protections for discovery that is no longer sought by Stephanie through the out-of-

state subpoena.

[¶13.]      The circuit court properly dismissed the out-of-state subpoena

proceeding as moot.  We affirm.

[¶14.]      GILBERTSON, Chief Justice, KERN, SALTER, and DEVANEY,

Justices, concur.

---

4.      SDTC's claim of the need for future relief also implicates the ripeness
        doctrine.  "Ripeness involves the timing of judicial review and the principle
        that '[j]udicial machinery should be conserved for problems which are real
        and present or imminent[.]'"  *Boever v. S. Dakota Bd. of Accountancy*, 526
        N.W.2d 747, 750 (S.D. 1995) (quoting *Gottschalk v. Hegg*, 89 S.D. 89, 94, 228
        N.W.2d 640, 643–44 (S.D. 1975)).  *See Investigation of Highway Const. Indus.
        v. Bartholow*, 373 N.W.2d 419, 420 (S.D. 1985) (recognizing that the doctrines
        of mootness and ripeness may overlap, but a case is appropriately dismissed
        as moot when there is no longer an existing controversy).