#30018-a-MES
**2023 S.D. 4**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JASON SCHUPP,                                          Appellant,

    v.

SOUTH DAKOTA DEPARTMENT
OF LABOR AND REGULATION,
DIVISION OF INSURANCE,                                Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE CHRISTINA L. KLINGER
Judge

* * * *

JASON M. SCHUPP
Frederick, Maryland                                   Pro Se Appellant.


FRANK A. MARNELL
LISA M. HARMON of
South Dakota Department of
   Labor and Regulation
Pierre, South Dakota                                  Attorneys for appellee.

* * * *

CONSIDERED ON BRIEFS
OCTOBER 3, 2022
OPINION FILED **01/11/23**

#30018

SALTER, Justice

[¶1.] Jason Schupp requested information from the South Dakota Department of Labor and Regulation Division of Insurance (DOI) relating to captive insurance companies domiciled in South Dakota. The DOI denied the request, stating that the information was confidential and not subject to public disclosure. At Schupp's request, the Office of Hearing Examiners (OHE) reviewed the DOI's decision and agreed that the request for information should be denied. Schupp appealed to the circuit court which affirmed the decision of the OHE, and he now appeals to this Court. We affirm.

**Factual and Procedural Background**

[¶2.] In March 2021, the DOI received a request for records relating to captive insurance companies in South Dakota from Jason Schupp.[1] In particular, he requested "a copy of licensing or authorization records for captive insurance companies domiciled in the State of South Dakota."[2] In a later communication with

---

1. The underlying purpose for which Schupp requested the records is not developed in the record. His submissions throughout the administrative and court proceedings in this case express a skeptical view of captive insurance companies, and his email address suggests he may be affiliated with a consumer advocacy group. In any event, Schupp has not challenged the accuracy of the DOI's description of him as a member of the general public.

2. The formation and regulation of captive insurance companies is regulated by SDCL chapter 58-46 which defines a "captive insurance company" in self-evident terms as "any insurance company licensed under chapter 58-46[.]" SDCL 58-46-1(3). The DOI's explanation in its appellate brief is more helpful and describes captive insurance companies as "privately-held insurance enterprises designed to provide insurance coverage to its private owners and affiliates." However, "[a] captive insurance company may not insure . . . [a]ny life or health risk . . . or [a]ny personal lines property casualty risk." SDCL 58-46-23.2. Specific types of captive insurers described in SDCL 58-46-1
(continued . . .)

-1-

the DOI, Schupp wrote, "In practical terms, I am looking for the names and addresses of the 15 captives."[3]

[¶3.] The DOI denied Schupp's request under the view that the information he sought was not available for public inspection under South Dakota law. Specifically, the DOI cited SDCL 58-46-31 which relates to the application process for seeking authority to operate as a captive insurer. The statute prohibits public disclosure of materials that are designated by a captive insurer applicant, materials generated by the DOI's Director of Insurance, and certain information about the applicant, including "any information required to be reported or filed with the director."[4]

[¶4.] Schupp requested that the OHE review the DOI's denial, arguing that the requested information was within the purview of South Dakota's open records laws. *See* SDCL 1-27-38 ("If a public record officer denies a written request in whole or in part, . . . a requestor may . . . file a written notice of review with the Office of Hearing Examiners. . . ."). Ultimately, the OHE disagreed with Schupp and accepted the DOI's view, concluding that the "denial of records was pursuant to

_____

(. . . continued)
include a group captive insurance company, a pure captive insurance company, a special purpose captive insurance company, a sponsored captive insurance company, and a trust captive insurance company.

3. Schupp learned the identity of one captive insurance company by locating an organizational document on the DOI's public request portal. Counsel for the DOI indicated that the information was erroneously made public.

4. The DOI initially cited a number of other statutes to support its decision to deny Schupp's request, many of which dealt with the DOI's regulatory and investigative functions and were not directly applicable to Schupp's request for the names and addresses of the captive insurance companies.

state statute as the records denied were not public records and are not subject to disclosure."

[¶5.]     Schupp appealed the OHE's administrative ruling to the circuit court maintaining his position that the DOI was required to disclose the requested information under South Dakota's open records laws.  The court affirmed the OHE decision, holding:

> The OHE did not err in concluding that the documents requested by Schupp are confidential pursuant to SDCL 58-46-31 and exempt from disclosure.  The names and addresses of captive insurance companies are required to be filed with the Division in a company's license application.  Such information constitutes "any information required to be reported or filed with the director" and therefore is confidential.  As this information is confidential, it cannot be disclosed to Schupp, a member of the general public.

[¶6.]     Schupp appeals, raising the single legal question of whether the licenses or certificates of authority for captive insurers are exempt from South Dakota's public records laws.

### Standard of Review

[¶7.]     This appeal is governed by South Dakota's Administrative Procedures Act, set out in chapter 1-26.  *Anderson v. S. Dakota Ret. Sys.*, 2019 S.D. 11, ¶ 10, 924 N.W.2d 146, 148.  The text of "SDCL 1-26-36 delineates the standard for a circuit court's review of an administrative agency's decision, and '[t]he same rules apply on appeal to this Court.'"  *Id.* ¶ 10, 924 N.W.2d at 148–49 (quoting *Lagler v. Menard, Inc.*, 2018 S.D. 53, ¶ 22, 915 N.W.2d 707, 715.).  This appeal raises no factual questions, but rather, a legal question which is reviewed de novo.  *Dakota*

*Trailer Mfg., Inc. v. United Fire & Cas. Co.*, 2015 S.D. 55, ¶ 11, 866 N.W.2d 545, 548.

**Analysis and Decision**

[¶8.]     Whether SDCL 58-46-31,[5] or any other statute, exempts the information Schupp seeks from public disclosure implicates our familiar principles of statutory interpretation:

---

5.     The text of SDCL 58-46-31 provides:

> The director shall prescribe the form for making an application and any application submitted shall contain such information as required. The applicant may, with approval of the director, designate confidential information.
>
> All information the director generates in making an investigation or examination of a captive insurance company is confidential. All confidential information is the property of the division but shall be furnished to the captive insurance company for its confidential use. Under no circumstances may a captive insurance company disclose a report or any supporting documentation to anyone, other than directors and officers of the captive insurance company or anyone acting in a fiduciary capacity for the captive insurance company, without written permission from the director.
>
> . . . Disclosure of confidential information shall be made only to formal regulatory bodies which clearly have a need for the confidential information. Prior to dissemination of any confidential information, the director shall require a written agreement not to reveal the confidential information by the party receiving the confidential information. In no event may the director disclose confidential information to the general public, any competitor, or any potential competitor of a captive insurance company, or its parents or affiliates.
>
>  . . .
>
> For the purposes of this chapter, confidential information includes the names of stockholders, membership interest

(continued . . .)

> Resolving an issue of statutory interpretation necessarily begins with an analysis of the statute's text. When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed.

*Matter of Appeal by Implicated Individual*, 2021 S.D. 61, ¶ 16, 966 N.W.2d 578, 583 (cleaned up).

[¶9.] Unless "otherwise expressly provided by statute," all persons are "fully empowered and authorized to examine" South Dakota's public records. SDCL 1-27-1. Within the DOI, the Director of Insurance is statutorily required to make records of official "transactions, examinations, investigations, and proceedings . . . open to public inspection, except as otherwise provided" in SDCL Title 58. SDCL 58-2-26.

[¶10.] The provisions of SDCL 58-46-31 represent such an exception to public disclosure. As indicated above, the statute relates to applications to the DOI by prospective captive insurance companies seeking a certificate of authority. In general terms, SDCL 58-46-31 provides that information designated by an applicant is confidential, as is information generated by the DOI as a part of its assessment of the application. Also confidential under the statute are "the names of stockholders, membership interest holders, or owners, ownership information, capital contributions, addresses, business affiliations, state and director findings through any examination or inquiry of any kind, and *any information required to be reported or filed with the director*." SDCL 58-46-31 (emphasis added).

---

(. . . continued)

> holders, or owners, ownership information, capital contributions, addresses, business affiliations, state and director findings through any examination or inquiry of any kind, and any information required to be reported or filed with the director. . . .

[¶11.] The text of SDCL 58-46-31 sharply restricts, and in some cases prohibits altogether, the disclosure of confidential information relating to captive insurance companies. Generally, confidential information may be shared between the captive insurer applicant and the DOI and may, in some limited circumstances, be disclosed to "formal regulatory bodies which clearly have a need for the confidential information." SDCL 58-46-31. However, disclosure of the confidential information is categorically prohibited "to the general public." *Id.*

[¶12.] The circuit court and the OHE determined that certificates of authority for captive insurance companies may not be disclosed because the information they contain, especially the names and addresses Schupp seeks, are "required to be reported or filed with the director." SDCL 58-46-31. We agree.

[¶13.] Critical to our analysis is the fact that SDCL 58-46-31 requires the DOI's director to "prescribe the form for making an application" to do business as a captive insurance company, thereby identifying the information that must be provided to the DOI. The statute further provides that "any application submitted shall contain such information as required." SDCL 58-46-31.

[¶14.] The application form developed and published by the DOI director, quite predictably, requires the name and address of the applicant seeking authority to operate as a captive insurance company. Under an elementary reading of SDCL 58-46-31's plain and unambiguous terms, an applicant's name and address must be filed with the DOI and are confidential. Consequently, disclosure of the names and addresses contained in a certificate of authority, to a member of the public, like Schupp, is prohibited.

[¶15.]     Schupp dismisses this reasoning, which was adopted by both the OHE and the circuit court, as "very tortured." But we cannot agree with Schupp. If anything, the analysis seems straightforward and uncomplicated—if the information is required by the DOI's application for captive insurance companies, its disclosure is prohibited.

[¶16.]     Schupp also attempts to isolate the DOI-issued "certificate of authority" as a discrete document not, itself, otherwise included within the statutory prohibition upon disclosure. But the distinction he suggests is unsustainable. The provisions of SDCL 58-46-31 apply to information and content, not to particular documents. Consequently, if, as it appears here, the only information sought from the certificates of authority for captive insurers is confidential, this would serve as a basis to withhold disclosure to a member of the general public.

[¶17.]     Perhaps Schupp's most colorable argument for disclosure is that SDCL 58-46-31 cannot mean what it appears to say because determining that everything in the application is confidential would eliminate the necessity for an applicant to designate information as confidential, as permitted under the statute. Though he does not use the term, Schupp seems to be invoking a canon of statutory construction that we have recognized — the rule against surplusage. *See Hollman v. S. Dakota Dep't of Soc. Servs.*, 2015 S.D. 21, ¶ 9, 862 N.W.2d 856, 859 ("We presume the Legislature does not insert surplusage into its enactments. Also, this court will not construe a statute in a way that renders parts to be . . . surplusage." (quoting *Nielson v. AT&T Corp.*, 1999 S.D. 99, ¶ 16, 597 N.W.2d 434, 439)).

[¶18.]     But we are not at all certain that the premise upon which this argument relies is sound because it presumes that all information furnished to the DOI by a captive insurance company is required to be reported or filed. Simply put, nothing in the parties' submissions establishes that this is the case. It may well be that applicants or licensed captive insurance companies may have occasion to submit items to the DOI from time to time that are neither "required to be reported or filed" in the strict sense. In those circumstances, there is no surplusage or irrelevancy under our interpretation of SDCL 58-46-31.

[¶19.]     Regardless, the canons of statutory construction are not, themselves, principles of law, but rather serve to assist courts in divining legislative intent when confronted with ambiguous text. *See Chickasaw Nation v. United States*, 534 U.S. 84, 94, 122 S. Ct. 528, 535, 151 L. Ed. 2d 474 (2001) (noting that canons of statutory construction "are not mandatory rules" of law, but are simply "designed to help judges determine the Legislature's intent as embodied in particular statutory language"). As indicated, we do not view the provisions of SDCL 58-46-31 at issue here to be ambiguous, and Schupp has not argued otherwise. Our course, then, is certain; we must "simply read the text and apply it." *Implicated Individual*, 2021 S.D. 61, ¶ 28, 966 N.W.2d at 586.

[¶20.]     We note further that the Legislature's apparent intent as evidenced by the text of SDCL 58-46-31 is to provide broad protection against public disclosure of information relating to captive insurance companies. This area of legislative emphasis is not unique to captive insurance companies. Statutory provisions restricting disclosure of confidential information filed by applicants seeking

authority from the South Dakota Division of Banking to operate as trust companies are virtually identical. *See* SDCL 51A-6A-2 (defining confidential information to include, among other things, "any information required to be reported or filed with the director or the commission"); SDCL 51A-6A-4 ("The director shall prescribe the form for making an application and any application submitted shall contain such information as required."); SDCL 51A-6A-39 ("In no event may the director disclose confidential information to the general public, any competitor, or any potential competitor of a trust company.").

[¶21.]    Under these circumstances, it seems eminently plausible that the Legislature acted purposefully to allow separate means by which information submitted by captive insurance companies could become confidential—a method of designating specific information and a self-executing process. For instance, a captive insurance company applicant responding to a general question about its business plan may include a high degree of detail about not only its anticipated business but also concerning the business of its affiliates. Rather than operate on the faith that the entirety of the response will automatically be considered confidential, the applicant may elect to designate certain information as confidential to ensure it remains protected from public disclosure.

[¶22.]    Though not determinative of the legal question we confront here, the DOI offers that the justification for prohibiting disclosure lies with the fact that captive insurance companies lack the authority to provide insurance for members of the public and, instead, only insure the parochial risks of the entities with which they are related. Schupp's submissions appear to disagree with the DOI's

assessment of the potential risks captive insurers present to the public, but we need not resolve this policy dispute. Instead, we must focus on the text of SDCL 58-46-31 which we conclude does not permit disclosure of the information Schupp seeks to members of the public.

[¶23.] We affirm.

[¶24.] JENSEN, Chief Justice, and KERN, DEVANEY, and MYREN, Justices, concur.